# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

LUZ MORALES-MELECO, ET AL.,

    Plaintiffs,

    v.

UNITED STATES OF AMERICA,

    Defendant.

**Civil No. 13-1311 (SEC)**

## MEMORANDUM AND ORDER

Before the Court are the third-party defendants' motions to dismiss, Docket ## 70, 78, and the third-party plantiff's opposition thereto. Dockets ## 73, 85. After reviewing the filings and the applicable law, these motion are **DENIED**.

**Background**

This is a medical malpractice case under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, against the United States of America. The nub of the plaintiffs' case is that the defendant's negligent medical treatment precipitated the demise of Emilio Matos-Martinez (Matos). As relevant here, on July 9, 2014, the defendant filed an amended third-party complaint against Hospital Universitario Dr. Ramon Ruiz Arnau, Dr. Ricardo Rosario-Mendoza, and Dr. Minely Martinez Velazquez (collectively, Commonwealth Defendants), alleging that they are liable as joint tortfeasors for Matos's death. See generally Docket # 54.

The Commonwealth Defendants move to dismiss for failure to state a claim upon which relief could be granted. Docket # 70; see Fed. R. Civ. P. 12(b)(6).[1] Specifically, they claim that (1) the United States failed to notify the Commonwealth of Puerto Rico within the 90-day notification period prescribed by Puerto Rico law, id., p. 7; (2) because they are not joint

---

[1] Martinez Velazquez's request to join that motion to dismiss, Docket # 78, is granted. Her additional request for dismissal under Federal Rule of Civil Procedure 12(b)(6) is denied, however, for substantially the same reasons set out in the third-party plaintiff's opposition. Docket # 85. See also Garcia-Catalan v. United States, 734 F.3d 100, 104-105 (1st Cir. 2013).

**Civil No. 13-1311 (SEC)**                                                                                          Page 2

tortfeasors, the contribution claims fail, id., p. 10; and (3) the United States has no right under Puerto Rico law to transfer any liability to the Commonwealth Defendants because they had to be joined within the one-year statute of limitations for tort actions. Id., p. 15.

The United States timely opposed. Docket # 73. The Court considers these matters sequentially.

**Discussion**

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint that fails to state a claim upon which relief could be granted. To avoid dismissal, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R .Civ. P. 8(a)(2). At the pleading stage, the plaintiffs need not demonstrate likelihood of success, but their claims "must suggest more than a sheer possibility that a defendant has acted unlawfully." García-Catalan v. United States, 734 F.3d 100, 102-03 (1st Cir. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The courts must also accept "the plaintiff's factual allegations and draw[ ] all reasonable inferences in the plaintiff's favor." Maloy v. Ballori-Lage, 744 F.3d 250, 252 (1st Cir. 2014) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). For its part, Federal Rule of Civil Procedure 14(a)(4) allows "[a]ny party to move to strike the third-party claim, to sever it, or to try it separately." Although this rule does not explicitly provide for a motion to dismiss third-party claims, "[t]he federal courts have entertained both motions to dismiss and to strike and have not drawn distinctions between them." Zurich Am. Ins. v.Lord Elec. Co., 828 F. Supp. 2d 462, 467 (D.P.R. 2011) (citing 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure §1460 (3d ed. 2011)).

As detailed above, the Commonwealth Defendants first argue that Puerto Rico Law 121, P.R. Laws Ann. tit. 32, §§ 3077-3092(a), requires that tort actions against the Commonwealth of Puerto Rico be notified to its Secretary of Justice within 90 days from the date in which the injured party knew of the injury. It is true that no prior notice was given to the Commonwealth. But even assuming, dubitante, that Law 121 applies to each third-party defendant (the doctors

**Civil No. 13-1311 (SEC)**                                                                                                          Page 3

are obviously private citizens) and extends to third-party complaints, Law 21 does not carry the day for the Commonwealth Defendants.

The Court need not tarry long here. It suffices to say that the Puerto Rico Supreme Court has made it clear that "the previous notice [requirement] . . . does not reach the level of preceding jurisdiction condition." Melendez Gutierrez v. The Commonwealth of Puerto Rico, 13 P.R. Offic. Trans. 1044, 1048 (1983) (quoting Loperena Irizarry v. E.L.A., 6 P.R. Offic. Trans. 506, 509 (1977)) (internal quotation marks omitted). And here, as in Melendez Gutierrez (a medical malpractice case involving a Commonwealth-operated hospital), "the risk of the object evidence's disappearance is minimal . . . there is effective proof of the identity of the witnesses, and . . . the State may easily investigate and corroborate the facts alleged . . . ." Melendez Gutierrez, 13 P.R. Offic. Trans. at 1049. So, where, as in this case, "the government entity does have its own means to know of the damage suffered by a claimant without outside notice . . . the Puerto Rico Supreme Court has taught that the statutory notice is unnecessary . . . ." Leon v. Municipality of San Juan, 320 F.3d 69, 73-74 (1st Cir. 2003); see also id. at 74 ("the Hospital's records themselves unquestionably gave San Juan knowledge of the damage to Raymanuelle based on which Plaintiffs' claim is filed without any need for further notification from Plaintiffs . . . ."). The Court follows that sensible principle here, agreeing with the United States, Docket # 73, p. 4, that the statutory notice, even if applicable to third-party claims for contribution, is unnecessary in this case.

The Commonwealth Defendants next contend that they are not joint tortfeasors—so as to be impleaded under Federal Rule of Civil Procedure 14(a)(1)—because, in their view, the medical malpractice claims at issue are neither geographically nor temporally linked. Docket # 70, pp. 11-12. The United States counters, alleging that, shortly after it discharged Matos, the Commonwealth Defendants negligently treated him; and that Matos died shortly thereafter. Therefore, it submits that the tortious event are sequentially related. Docket # 73, p. 11. The United States has the better argument.

**Civil No. 13-1311 (SEC)**                                                                                            Page 4

Federal Rule of Civil Procedure 14(a)(1) prescribes when and how a defendant may sue a non-party: "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. . . ." Fed. R. Civ. P. 14(a)(1). This rule thus "contemplat[es] the availability of third-party practice when a non-party is or may be liable for all or part of the plaintiff's claim against the defendant." Lehman v. Revolution Portfolio L.L.C., 166 F.3d 389, 393 (1st Cir. 1999) (internal quotation marks omitted). The amended third-party complaint, then, conforms to Rule 14 if the United States shows that, if it were found liable to the plaintiffs, it would have a right under Puerto Rico law to transmit some of its liability to the Commonwealth Defendants. Because "[P]uerto Rico is a comparative negligence jurisdiction that imposes joint and several liability on joint tortfeasors," Ruiz Troche v. Pepsi Cola, 161 F.3d 77, 87 (1st Cir. 1998) (citing Ramos Acosta v. Caparra Dairy, Inc., 16 P.R. Offic. Trans. 78, 81-82 (1985)), "[t]he right to contribution, known as 'nivelacion' is allowed as between joint tortfeasors . . . ." Wojciechowicz v. U.S., 474 F.Supp.2d 291, 295 (D.P.R. 2007) (citations omitted); see Rodriguez v. Suzuki Motor Corp., 570 F.3d 402, 410 (1st Cir. 2009). In short, Rule 14 is the adequate procedural mechanism for joining other tortfeasors. See, e.g., Fernandez v. Corporacion Insular De Seguros, 79 F.3d 207, 210 (1st Cir. 1996) (interpreting Puerto Rico law and observing that it allows defendants to implead a joint tortfeasor under Rule 14) (citation omitted).

Applying these legal precepts to this case—and taking the amended third-party complaint's allegations as true, as the Court must at this stage—it follows that the Commonwealth Defendants are putative joint tortfeasors. See Arroyo Lopez v. Hosp. Dr. Dominguez, Inc., 262 F.R.D. 93, 95 (D.P.R. 2009); Nunez v. Horn, 336 F.Supp. 447, 450 (D.P.R.1970) (holding that physician sued for negligent medical treatment and the person whose alleged negligence provoked the event that led to the hospitalization were joint tortfeasors, "irrespective of whether [the hospitalization was] rendered in a . . . negligent manner"). The Commonwealth Defendants resist this conclusion, invoking Lopez de Robinson v. United States, 162 F.R.D. 256 (D.P.R. 1995). But that non-binding case is distinguishable. There, two

**Civil No. 13-1311 (SEC)**                                                                                       Page 5

separate tortious events transpired in the span of four to five days. Id. at 257. Here, in contrast, the multiple acts of alleged negligence occurred within 36-48 hours. Docket # 1, pp. 3-6. So the Commonwealth Defendants, as putative joint tortfeasors, were properly impleaded under Rule 14. Accord Arroyo Lopez., 262 F.R.D. at 95; Garcia Colon v. Garcia Rinaldi, 340 F. Sup. 2d 113, 128 (D.P.R. 2004) (holding that under Puerto Rico law physicians can be found jointly and severally liable in medical malpractice action if their multiple acts or omissions together are responsible for harm alleged). That ends this aspect of the matter.

The Commonwealth Defendants have one last arrow in their quiver. They argue that under Puerto Rico tort law, a third-party plaintiff must bring other alleged tortfeasors within the one-year statute of limitations furnished by Article 1868(2) of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5298(2). Docket # 70, pp. 15-20. They bet the house on Fraguada Bonilla v. Hospital Auxilio Mutuo, 186 P.R. Dec. 365 (2012) (certified translation provided by the third-party defendants at Docket # 45), in which the Puerto Rico Supreme Court held that the filing of a tort action against one tortfeasor no longer interrupts the statute of limitations for the other tortfeasors. See generally, e.g., Ramirez-Ortiz v. Corporacion Del Centro Cardiovascular De Puerto Rico y Del Caribe, 994 F. Supp. 2d 218, 223 (D.P.R. 2014) (construing and discussing Fraguada). This argument is hopeless.

The short answer is that, irrespective of Fraguada, the one-year statute of limitations for a plaintiff to sue all known tortfeasors is inapplicable to third-party complaints for contribution, because contribution claims accrue at a different time than a plaintiff's underlying tort claim. Indeed, "while the right of contribution does not accrue before judgment is satisfied, an alleged joint tortfeasor defendant may at the outset of litigation implead all who by their concurrent negligence might be liable to him for contribution . . . ." Corning Glass Works v. Puerto Rico Water Resources Authority, 396 F.2d 421, 423 (1st Cir. 1968) (emphasis added); compare id. with Tokyo Marine & Fire Ins. Co. v. Perez & Cia., De Puerto Rico, Inc., 142 F.3d 1, 3 (1st Cir. 1998) ("A cause of action under article 1802 accrues—and the prescriptive period set by article

**Civil No. 13-1311 (SEC)**                                                                                    Page 6

1868(2) therefore begins to run—when the injured party knew or should have known of the injury and of the likely identity of the tortfeasor." (citing Colon Prieto v. Geigel, 115 P.R. Dec. 232, 243 (1984))). Accord Mojica-Diaz v. United States, No. 11-1755, 2013 WL 1909608, at *4 n. 3 (D.P.R. May 8, 2013). It thus follows, without serious question, that the United States timely impleaded the Commonwealth Defendants.

### Conclusion

For the reasons stated, the third-party defendants' motions to dismiss are **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 7th day of November, 2014.

                *s/Salvador E. Casellas*
                SALVADOR E. CASELLAS
                U.S. Senior District Judge