IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LUZ Z. MORALES-MELECIO ET AL.,

   Plaintiffs,

           v.

MARIA I. MARTINEZ-ORTIZ ET AL.,

   Defendants.

Civil No. 13-1311 (SEC)

**MEMORANDUM AND ORDER**

    Before the Court are the third-party defendant's motion requesting an order to reduce the deposition fees of Plaintiff's expert witness, Docket # 174, and the plaintiffs' opposition thereto. Docket # 175. After reviewing the filings and the applicable law, the motion is **GRANTED in part and DENIED in part.**

    Plaintiffs brought this medical malpractice action seeking compensatory damages against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346 (b), 2671-2680. They claim that the negligent acts and omissions taken by an employee or agent of Salud Integral en la Montaña, Inc. – an entity covered by the Federally Supported Centers Assistance Act, and deemed as an employee of the United States Department of Health and Human Services – caused the death of Emilio Matos-Martínez (Matos-Martínez), a father, son and brother to Plaintiffs. The United States filed a third-party complaint against Hospital Universitario Dr. Ramón Ruiz Arnau (HURRA) and other medical doctors that allegedly intervened or provided treatment to Matos-Martínez at HURRA, including third-party defendant, Dr. Minely Martínez-Velázquez's (Martínez).

    Despite the multiplicity of parties to this case, it seems Martínez is the only one interested in deposing Plaintiff's expert, Dr. Manuel Pérez-Pabón (Dr. Pérez). As such,

she would be the only party paying Dr. Pérez's deposition fees. Given the particular circumstances, she estimates the deposition will not last more than three hours. See Docket #174, ¶¶ 2 & 4.

Dr. Pérez charges a flat fee of $2,000.00 per deposition, four hours minimum. See Docket # 174-1. His "Expert Witness Fee Schedule" states that "if defendant(s) obtain a court order limiting their deposition payment responsibility to an hourly rate, and amounting to less than the $2,000.00 flat fee, the balance is billed to the retaining law firm." Id. Before Martínez requested this Court's intervention, the parties conferred and Plaintiffs ultimately offered to absorb $500.00 of their expert fees. In that scenario, Martínez would have to pay the remaining $1,500.00. Assuming that the deposition actually lasts three hours, Martínez would be paying an effective rate of $500.00 per hour. A rate she deems unreasonable.

Rule 26(b)(4)(E)'s requirement that the expert fees be "reasonable" is, along with the "manifest injustice" inquiry, one way to thwart potential discovery abuse. Rogers v. Penland, 232 F.R.D. 581, 582 n. 1 (E.D. Tex. 2005); see also United States v. City of Twin Falls, Idaho, 806 F.2d 862, 879 (9th Cir.1986), overruled on other grounds by Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987) ("The purpose of the rule is to avoid the unfairness of requiring one party to provide expensive discovery for another party's benefit without reimbursement.") (citing 4 James W. Moore et al., Moore's Federal Practice ¶ 26.66[5] (2d ed. 1984)).

In determining the reasonableness of an expert's fees, courts usually consider the following factors:

> (1) the witness's area of expertise; (2) the education and training that is required to provide the expert insight which is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the fee actually being charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.

Case 3:13-cv-01311-SEC   Document 187   Filed 08/05/15   Page 3 of 5

**Civil No. 13-1311 (SEC)**                                 **Page 3**

Cabana v. Forcier, 200 F.R.D. 9, 15-16 (D. Mass. 2001); see also Jochims v. Isuzu Motors, Ltd., 141 F.R.D. 493, 495-96 (S.D. Iowa 1992); and Bandy v. Kimsey, No. 09-82, 2010 WL 4630828, at 1 (N.D. Ind. Nov. 4, 2010) (citations and internal quotation marks omitted). The ultimate goal is "to calibrate the balance so that a plaintiff will not be unduly hampered in his/her efforts to attract competent experts, while at the same time, an inquiring defendant will not be unfairly burdened by excessive ransoms which produce windfalls for the plaintiff's experts." Cabana, 200 F.R.D. at 16.

  Dr. Pérez is a medical doctor specialized in internal medicine. According to his *Curriculum Vitae*, he is an associate professor of internal medicine at San Juan Bautista School of Medicine in Caguas, Puerto Rico, where he has held various positions since October 2006. See Docket # 174-1.[1]

  Martínez affirms – and Plaintiffs do not contest – that at least another court has ruled to reduce Dr. Pérez's deposition fees. Specifically, she points to Ruth Santiago-Laboy v. Hospital San Cristobal, Civil No. J DP2013-0011, where the Commonwealth Court issued an order reducing Dr. Pérez's deposition fees to $250.00 per hour, three hours minimum. She also directs the Court's attention to the hourly rate of the United States' expert witness, Dr. Anibelle Altieri, which is also $250.00, for a minimum of three hours. Id. at ¶¶ 13-14. Martínez deems reasonable the $250.00 hourly rate and requests this Court to reduce the deposition fees of Dr. Pérez to the same amount.

  Moreover, she argues that Dr. Pérez's preparation for the deposition should be minimal.[2] Mainly, because the testimony she seeks is limited to the expert's opinion

---

[1] Martínez seems to challenge Dr. Pérez's membership as an associate professor but provides no serious evidence in support thereof. See Docket # 174, ¶¶ 11-12. Specifically, she proffered a printout page of an admittedly outdated website from the San Juan Bautista School of Medicine in Caguas which contains an index of faculty members and points out that Dr. Pérez does not appear therein. At this juncture the Court will not question the content of his *Curriculum Vitae* and certainly will not consider the outdated website printout proffered by Martínez for purpose of this ruling.

[2] Federal courts are split on the issue regarding the party responsible to pay for the expert's preparations time before a deposition. See Caballero v. Hosp. Espanol Auxilio Mutuo de Puerto Rico, Inc., No. 07-1665(JA), 2010 WL 503059, at *3 (D.P.R. Feb. 8, 2010) ("courts have generally found

regarding her intervention with Matos-Martínez, which is apparently briefly addressed in two paragraphs of Dr. Pérez's eight page report. Id. at ¶¶ 7-8. The foregoing is consonant with Martínez's estimate that the deposition should last less than three hours.

A $2,000.00 flat fee or an hourly rate of $500.00 to take the deposition of a specialized medical expert is not facially unreasonable. Accordingly, at the outset, Plaintiffs' proposed $1,500.00 flat fee does not seem necessarily unreasonable. Unfortunately, Plaintiffs' two page response failed to address Martínez's somewhat developed claim that their proposed $1,500.00 flat fee is still unreasonable under the particular circumstances of this case. While Plaintiffs listed some of the positions Dr. Pérez has held at the San Juan Bautista School of Medicine, the response does not relate his qualifications, experience or training to their underlying claims. Moreover, Plaintiffs provided the Court with no case law sanctioning other comparable respected available experts who charge similar fees. Ultimately, Plaintiffs did not justify Dr. Pérez rates.

Under these particular circumstances, the Court deems unreasonable Plaintiff's suggested $1,500.00 flat fee to take Dr. Pérez's deposition. Plaintiffs have simply failed to support a different conclusion. Since Martínez had no saying or involvement in the selection of Plaintiffs' expert witness, she should not be unfairly burdened by Plaintiffs' choice of such an expensive expert. See Bowen v. Monahan, 163 F.R.D. 571, 574 (D. Neb. 1995) ("While plaintiff may contract with any expert of Plaintiff's choice and, by agreement, that expert may charge unusually high rates for services, the discovery process will not automatically tax such unreasonable fees upon the defendant.").

---

that the party taking the deposition is required by Rule 26(b)(4)(C)(i) to pay for preparation time") (original citations omitted); but see e.g. Rhee v. Witco Chem. Corp., 126 F.R.D. 45, 47 (N.D. Ill. 1989) (stating generally that "exclusion of 'preparation' time is supported by the lack of a provision for compensation for time spent by experts in responding to interrogatories" but recognizing exceptions may be warranted in complex cases).

Considering the foregoing, the court reduces the amount Martínez will have to pay to take Dr. Pérez's deposition to a minimum fee of $1,000.00 for the first four hours. Each additional hour will be charged at $350.00 with a $2,000.00 cap.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 5th day of August, 2015.

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge