IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LUZ Z. MORALES-MELECIO ET AL.,

   Plaintiffs,

       v.                                    **Civil No. 13-1311 (SEC)**

UNITED STATES OF AMERICA,

   Defendant.

## MEMORANDUM AND ORDER

María Martínez, Emilio Matos-Pérez, minor Z.M.M., and Mariela Matos; parents, daughter, and sister of the late Emilio Matos-Martínez (Matos) (collectively, Plaintiffs), move for reconsideration, Docket # 272, of this Court's Opinion and Order dismissing their medical malpractice claims against the United States as time barred by the Federal Tort Claims Act (FTCA). See Docket # 268, Morales-Melecio v. United States, --- F. Supp. 3d ---, 2016 WL 3129419 (D.P.R. June 3, 2016). For the reasons that follow, as well as those stated in the Government's response, Plaintiffs' motion is **denied**.

In its previous opinion, the Court held that this case did not warrant the application of the discovery rule because at the time of Matos' death, Plaintiffs had sufficient knowledge of their injury and its probable cause so as to trigger the FTCA's statute of limitations. To arrive at this conclusion, the Court stressed that Matos died within two days after he first sought medical treatment at the federally-funded hospital Salud Integral la Montaña, and while he was still receiving medical treatment at the Puerto Rico Medical Center.

Plaintiffs insist, however, that the limitations clock did not start until they received Matos' medical records and autopsy report which revealed perforated diverticula as the cause of death. The Court disagrees.

In enacting the FTCA, Congress considered that two-years were sufficient for a claimant to perform a diligent investigation and gather the information necessary to file a claim. As Plaintiffs acknowledge, the discovery rule, which delays the start of this statute of limitations, is applicable only where the factual basis of the cause of action is "inherently unknowable," which is to say "incapable of detection by the wronged party through the exercise of reasonable diligence." González v. United States, 284 F.3d 281, 288-89 (1st Cir. 2002).

This, however, does not mean that the discovery rule applies in every FTCA case where a plaintiff lacks some particular fact necessary to assert his cause of action. To invoke the discovery rule, the information needed must not only be lacking at the time of injury but must also be "incapable of detection" within a reasonable time thereafter despite the exercise of reasonable diligence. This last bit is missing here.

Although it is true that Plaintiffs had no knowledge of Matos' diverticulitis at the time of death, this was easily discernible by examining the medical records and autopsy report. Obtaining medical records is a routine part of the due diligence required in any medical malpractice investigation. Barring exceptional circumstances—such as extreme delay by medical facilities—the limitations clock will not wait until a plaintiff gathers the relevant medical records. No such circumstances are present here.

Matos died on March 1, 2010. Five months later, on July 28, Plaintiffs received Matos' medical records and autopsy report. Then, Plaintiffs had more than nineteen months, until March 1, 2012, to file their administrative claim. "It can hardly be claimed that this time was unreasonable or inadequate," Kington v. United States, 396 F.2d 9, 12 (6th Cir. 1968), particularly considering that they filed a medical malpractice action in state court almost a year before the deadline expired.

**Civil No. 13-1311 (SEC)**                                                                                              **Page 3**

In short, the Court is convinced that Plaintiffs' duty of inquiry, and thus the FTCA statute of limitations, began on the date of Matos' death. "This duty of inquiry is particularly strict when the injury at issue is a death." <u>Cutting v. United States</u>, 204 F. Supp. 2d 216, 225 (D. Mass. 2002) aff'd sub nom. <u>Skwira</u>, 344 F.3d 64.  Plaintiffs' motion is therefore **denied**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 3rd day of August, 2016.

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge